UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, *et al.*, | No. C-05-5447 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND JUDGMENT** |
| LUCAS CONCRETE, INC., | |
| Defendant. | **(Docket No. 29)** |
| _____/ | |

Previously, the parties in the above-referenced case stipulated to a judgment, which this Court approved on September 15, 2006. *See* Docket No. 24 (order). Plaintiffs are now moving to amend the judgment based on the failure of Defendant Lucas Concrete, Inc. ("LCI") to comply with the terms of the stipulated judgment. No opposition to Plaintiffs' motion has been filed. Having considered Plaintiffs' motion and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** Plaintiffs' motion.

### I.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs initiated this lawsuit, seeking confirmation of an arbitration award against LCI in the amount of $81,996. *See* Docket No. 14 (joint CMC statement). Plaintiffs had been awarded this sum based on the alleged failure of LCI to pay contributions owed to the Trust Funds at issue. The parties ultimately settled the case between themselves and submitted a stipulated judgment to the Court for approval. *See* Docket No. 23 (stipulation). This Court approved the stipulated judgment on September 15, 2006. *See* Docket No. 24 (order).

///

Under the stipulated judgment, LCI agreed to pay Plaintiffs $88,612.03, representing the contributions owed to the Trust Funds at issue for the period January 2001 through December 2005. *See* Docket No. 24 (Order ¶ 2). LCI was to pay Plaintiffs sixty monthly installments, each in the amount of $1,476.86, starting in August 2006. *See* Docket No. 24 (Order ¶ 3). If LCI failed to make any of the scheduled payments, then Plaintiffs were entitled to execute on the judgment in the full amount of $88,612.03, minus the amount of any payment actually received. *See* Docket No. 24 (Order ¶ 3). "If Defendant defaults in the making of any said payments or any part thereof, and if Plaintiffs consult legal counsel with respect thereto, there shall be added to Defendant's obligation under a modification to this Stipulation for Entry of Judgment reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in connection with such suit or claim, including any and all appellate proceedings therein." Docket No. 24 (Order ¶ 5).

Apparently, LCI made only one of the sixty monthly installments owed. *See* Lozano-Batista Decl. ¶ 2. Accordingly, Plaintiffs, through counsel, sent demand letters to LCI (how many is not clear) and also filed a request for a debtor's examination. *See* Lozano-Batista Decl. ¶ 3. Plaintiffs subsequently canceled the debtor's examination because they were "unable to serve Defendant with the request, as he [sic] had vacated the business address he [sic] once occupied." Lozano-Batista Decl. ¶ 3. Approximately a year later, Plaintiffs filed the currently pending motion to amend the judgment.

## II.   DISCUSSION

In their motion to amend the judgment, Plaintiffs ask the Court to amend the judgment by setting forth the damages now owed – $87,135.17, which reflects the one monthly installment paid by LCI – and by adding the fees and costs Plaintiffs have incurred in their attempt to enforce the stipulated judgment.

The amendment sought by Plaintiffs is appropriate. As noted above, under the stipulated judgment, Plaintiffs are entitled to execute on the full judgment (minus any payments made) if LCI failed to make any of the scheduled payments. *See* Docket No. 24 (Order ¶ 3). There is uncontested evidence that LCI has failed to make most of the scheduled payments. *See* Lozano-Batista Decl. ¶ 2.

Furthermore, under the stipulated judgment, upon a default by LCI, Plaintiffs are entitled to "reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in connection with such suit or claim, including any and all appellate proceedings therein." Docket No. 24 (Order ¶ 5). Plaintiffs have submitted evidence that, from August 2007 through February 2009, they incurred attorney's fees in the amount of $1,935 (representing 8.6 hours at an hourly rate of $225) and paralegal fees in the amount of $67.50 (representing 0.75 hours at an hourly rate of $90). *See* Lozano-Batista Decl. ¶¶ 4, 7. In addition, Plaintiffs incurred costs in the amount of $69.50, apparently for the attempted service of the order noticing the debtor's examination. *See* Lozano-Batista Decl. ¶ 11. These fees and costs are reasonable.

### III.   CONCLUSION

Accordingly, Plaintiffs' motion to amend the judgment is granted. The judgment is amended to reflect that LCI is now obligated to pay Plaintiffs the sum of $89,207.17, which represents $87,135.17 in damages plus $2,072 in fees and costs.

The hearing on the motion is hereby **VACATED**.

IT IS SO ORDERED.

Dated: April 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge